UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

_____

| | | |
|---|---|---|
| MARK McCOY, | ) | C/A No.: 4:16-cv-638-HMH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| | ) | |
| WARDEN CARTLEDGE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Mark McCoy, filed a *pro se* petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254[1] on February 25, 2016. (Doc. #1). Respondent filed a

motion for summary judgment on May 2, 2016, along with a return and memorandum.

(Docs. #14 and #15). The undersigned issued an order filed May 4, 2016, pursuant to

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion

for summary judgment procedure and the possible consequences if he failed to

respond adequately. (Doc. #16). Petitioner filed a response in opposition on August

22, 2016, and Respondent filed a reply on September 1, 2016. (Doc. #29 and #30).

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate
Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c),
DSC.  Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

## **PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent has not been seriously disputed by the Petitioner in his response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in Broad River Correctional Institution pursuant to orders of commitment from the Clerk of Court for Sumter County. Petitioner was indicted during the September 2008 term for murder and possession of a firearm during the commission of a violent crime. Petitioner was represented by I.S. Leevy Johnson, Esquire. Petitioner's jury trial began September 22, 2008, before the Honorable Howard P. King. The jury found Petitioner guilty of both charges on September 25, 2008. Judge King sentenced Petitioner to consecutive terms of life imprisonment for murder and five years' imprisonment for the weapons charge.

## **Direct Appeal**

A timely Notice of Appeal was served on behalf of Petitioner, and an appeal was perfected. On appeal, Petitioner was represented by Joseph L. Savitz, III. The appeal was perfected by way of an  Anders[2] brief raising the following issue to the South Carolina Court of Appeals:

---

[2] Anders v. California, 386 U.S. 738 (1967).

I.     The trial judge committed reversible error by failing to instruct the jury on the lesser-included offense of voluntary manslaughter, where one of the State's witnesses testified that McCoy shot Pettis after Pettis took a swing at him during an altercation.

(Respondent's attachment #5).

Petitioner filed a *pro se* response to the <u>Anders</u> brief  raising the following:

The trial judge committed reversible error when he denied the Appellent's motion for a new trial. Grounds one (1) through four(4) in the motion for new trial centers around the Appllent not receiving due process of the law. The State kept privy information that the Appllent should of had access too, when the Appllent filed a <u>Brady</u> motion and Rule 5 motion with the State for discovery and disclosure of any evidence; including [exculpatory] evidence the State possessed. The Appllent contends after submitting these following motions; also following up with the motion to compel; To no avail with State. Appllent then filed a motion for in-camera inspection of the prosecutor's file. The judge so then ordered the sate to produce the file for inspection, after the Judge inspected the prosecution file. The judge denied Appllent's motion for disclosure fo evidence, <u>Brady</u> motion. However; at the start of Appllent murder trial the State produce witnesses statements that were exculpatory. Such as James Pleasant statement. This was clearly a violation of the Rule 5 motion.

(*Pro se* <u>Anders</u> brief at 11-12)(errors in original).

In an Unpublished Opinion filed June 8, 2011, the South Carolina Court of Appeals affirmed Petitioner's convictions, dismissed the appeal pursuant to <u>Anders</u> and granted appellate counsel's petition to be relieved. The remittitur was issued on August 11, 2011.

3

## **PCR**

Petitioner filed his application for post-conviction relief (PCR) on June 5, 2012. (Attachment 1, p. 231). Petitioner filed four amended applications. Peitioner was represented by Charles T. Brooks, and the State was represented by Daniel Gourley of the Office of the Attorney General. An evidentiary hearing was held before the Honorable George C. James, Jr., on February 27, 2014. Multiple witnesses testified at the hearing. Based on the record, Petitioner proceeded on the following allegations at the evidentiary hearing:

1. Ineffective assistance of counsel:

   a.    "...failure to continue his objection to the false material evidence being used by the solicitor; that counsel previously had objected to."

   b.    "...failure to request trial judge to instruct the jury on the lesser included offense of voluntary manslaughter."

   c.    "...failure to object to trial judge's instruction to the jury to find applicant guilty of the charge."

2. Prosecutorial misconduct:

   a. Violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).
   b. "Material evidence suppressed by prosecution."

3. Due Process violations:

   a. "...when the Magistrate Judge issued arrest warrant based on information that never existed for probable cause."

4

      b. "...as a result of prosecutorial misconduct by Solicitor Fant, Special Agent, and Police withholding crucial prosecution's witnesses statements of facts..."

      c. "...violated by Solicitor Fant's misconduct making promise and favor (agreements) within the criminal justice system with crucial witness and not correcting her false information to the jurors (solicitors)."

      d. "...as a result of the misconduct by the solicitor, in regard of suppressing evidence that was material, before and during applicant's trial thus the material evidence exposes solicitor deliberately allowing overlooking false testimony from crucial federal inmate witnesses along with solicitor misleading court and juror's with false information herself."

      e. "...violated by the trial judge's erroneous instruction to find the applicant guilty, even if the evidence does not convince the jury."

(App. 588).

Judge James denied all of Petitioner's claims and dismissed the application by order dated May 23, 2014.


## PCR APPEAL

Petitioner filed a notice of appeal from the dismissal of his PCR application. Tiffany L. Butler filed a <u>Johnson</u> Petition for Writ of Certiorari on Petitioner's behalf with the South Carolina Supreme Court raising the following allegation:

1.     Whether the PCR judge erred by finding trial counsel provided effective representation where counsel failed to object to the curative instruction, thereby waiving his right to make the necessary mistrial motion, after the trial judge instructed the jury, as to circumstantial evidence, that it should find petitioner guilty even if it had a reasonable doubt as to his guilt, since the curative instruction was wholly inadequate to cure the prejudice?

(Petition for writ of certiorari, Respondent's attachment #10). Counsel petitioned to be relieved as counsel. Petitioner filed a *pro se* response arguing the following:

1.     Whether the <u>Johnson</u> petition should have been filed in this case, as opposed to a merits brief?

2.     Whether the lower court erred by denying PCR relief, where the Applicant proved "a <u>Brady</u> violation" did occur relating to the withheld prior statements of Kimberly Delay?

3.     Whether the lower court erred by denying PCR relief in regards to the withheld "Statements" of Lattimore Holmes, the State's alleged only eye-witness to the crime?

4.     Whether the lower court erred by denying PCR relief, based on ineffective assistance of counsel, prior to and during trial?

5.     Whether the trial court erred in failing to instruct the jury on a lessor included offense on manslaughter, where Lattimore Holmes statement described "a fight" prior to the shooting?

6.     Whether the lower court erred in finding Solicitor Fant, did not commit prosecutorial misconduct by eliciting false and misleading testimony, which went uncorrected, to the jurors?

(Attachment 11).

6

Petitioner's PCR action concluded upon the Supreme Court of South Carolina denying the Johnson Petition for Writ of Certiorari on February 12, 2016, and granting PCR appellate counsel's petition to be relieved as counsel. (Respondent's attachment 13). The remittitur was issued on March 1, 2016.

## HABEAS ALLEGATIONS

Petitioner raised the following allegations in his petition, quoted verbatim:

GROUND ONE:          Denial of Due Process by the State's Misconduct

Supporting facts:      Ms/ C. Fant (State's Attorney) intentionally concealed and withheld exculpatory evidence (prior witness statements) from the defense (i.e. Ms. Kimberly Delay), which could have been used for impeachment purposes; and withheld "promises" made to Mr. Lattimore, in exchange for his testimony, which could have been used for the jury's assessment of as to the state's witness. Knowing some of the testimonies were indeed false. (See attached or amendment).

GROUND TWO:         Ineffective Assistance of Counsel

Supporting Facts:     In that, counsel failed to object to the state's false testimony; Counsel failed to move for a "lessor-included offense charge to murder", under South Carolina Law, where there was evidence of only a beating; counsel failed to object to the court's erroneous doubt instructions.

7

(Petition) (errors in original).

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute

8

for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ...

affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel

Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86

(4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions

for summary judgment, the court must also consider the petition under the

requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in the State court proceedings
> unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved
> an unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the State court
> proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the

Supreme] Court's decisions but unreasonably applies that principle of law" to the facts

of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams

v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of

federal law is different from an incorrect application of federal law,' because an

10

incorrect application of federal law is not, in all instances, objectively unreasonable."
Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### Ground One

In Ground One, Petitioner argues prosecutorial misconduct. Specifically, Petitioner argues the State intentionally withheld a prior witness statement from Ms. Kimberly Delay which he argues could have been used for impeachment purposes, knowingly presented false testimony from Lattimore Holmes[3], and withheld the existence of "promises" made to Mr. Holmes in exchange for testimony which could have been used "for the jury's assessment of the witness ."

Respondent submits that the claims raised in Ground One are properly

---

[3] It is noted that in the trial transcript the name of the witness is spelled Latimore. However, in the PCR court's Order of Dismissal and Petitioner's filings, it is spelled Lattimore. Therefore, for the purposes of this Report and Recommendation, it will be spelled Lattimore.

preserved. However, Respondent argues that the record supports the PCR judge's findings of fact and conclusions of law, and Petitioner cannot show that the ruling was based on an unreasonable determination of the facts or an unreasonable application of law.

At the evidentiary hearing, Petitioner testified that the solicitor failed to turn over a statement that witness Kimberly Delay made and that Petitioner became aware of the statement through the discovery process in his federal case. (App. 463, 466). Petitioner testified that Delay was promised that the charges against her were going to be dismissed in exchange for her testimony against Petitioner. (App. 473). Petitioner argues that Assistant Solicitor Fant withheld this information which hindered his Counsel's cross examination of Delay. Additionally, Petitioner testified that witness Lattimore Holmes gave a statement to the investigators that was different from his testimony at trial but that the State had not turned over that statement.

Counsel testified that he filed a standard Brady motion, and Petitioner was persistent that there were Brady violations. Therefore, Counsel filed a motion with Judge King. Specifically, Counsel testified that the trial judge reviewed all material in the case to determine what material would fall under Brady. Counsel testified that he filed a Brady motion with Judge King and "for probably the first time in my career, Judge King required Ms. Fant to submit to him all of the information that they had

complied during the course of their investigation." (App. 517). Counsel testified that Judge King personally reviewed all of the material and ruled that the State had compiled with the <u>Brady</u> motion. (App. 517). Counsel testified that he interviewed Delay prior to trial, that they were surprised that she testified against Petitioner, but that he adequately cross-examined Delay during the trial. Counsel testified that he believed Delay's testimony made a dramatic difference in the outcome of the trial when she testified against Petitioner.[4] (App. 518).

At the PCR evidentiary hearing, Delay testified that she had three interviews with the police. In the first two interviews, Delay testified that she told the police that she did not know anything about the crime. During the third interview, Delay testified that she lied to the police about the type of clothing Petitioner was wearing because she felt coerced as she was threatened with charges of accessory after the fact and conspiracy to commit murder. Delay testified that she had federal charges pending at the time of her interview, that her testimony at trial was a lie, that she knew nothing about the clothing Petitioner was wearing, and that everyone wore camouflage.

With regards to Delay's statement, the PCR court held:

<u>Prosecutorial Misconduct</u>

---

[4] Delay testified she witnessed Petitioner change into camouflage clothes and returned shortly thereafter. Another witness testified that he saw the shooting take place and identified the shooter as wearing camouflage clothes.

## Solicitor failed to turn over statement by Kim Delay

This Court finds Applicant's allegation that the Solicitor failed to turn over any required evidence is without merit. . . .This Court finds both assistant Solicitor Fant's testimony and Counsel's testimony credible. Furthermore, this Court finds both Applicant's and Kim Delay's testimony not credible.

During the evidentiary hearing, Applicant alleged Assistant Solicitor Fant committed a <u>Brady</u> violation because she failed to turn over Delay's alleged statement. During the trial, Delay testified that the Applicant had come to her house and changed clothes on the day of the murder. She testified he changed into camouflage clothes before leaving, and when he came back 3-5 minutes later, he was out of breath. Delay further testified that the Applicant changed clothes again after returning and said to her "Come on, baby, let's go." Delay had given a prior statement to law enforcement that she did not know anything about the murder. The Applicant claims this statement was inconsistent with the one Delay gave at trial and that the State should have disclosed it as <u>Brady</u> material. However, this Court finds that it is clear from the hearing transcript and PCR hearing testimony of both Counsel and Assistant Solicitor Fant that the trial judge, Judge King, reviewed *in camera* the Assistant Solicitor's entire file prior to trial. This review was pursuant to Counsel's June 3, 2008 motion for *in camera* inspection. Judge King concluded that the State met its discovery obligations. In addition, it is clear from the transcript that Counsel was able to effectively cross Delay without the statement. Ms. Delay's testimony at the PCR hearing that her trial testimony was not true does not establish any PCR ground. She claims she was pressured with more prison time if she gave certain testimony, but I find this PCR testimony to be not credible. There is no credible evidence that her testimony was procured unlawfully. Therefore, this Court finds this allegation should be denied and dismissed with prejudice.

## Brady violation arising from a promise made by the State to Delay that all her charges would be dismissed in exchange for her testimony

This Court finds Applicant's allegation that the Solicitor committed a

14

Brady violation by failing to disclose an alleged deal with Delay regarding her testimony is without merit. An individual asserting a Brady violation must demonstrate that evidence: (1) favorable to the accused; (2) in the possession of or known by the prosecution; (3) was suppressed by the State; and (4) was material to the accused's guilt or innocence or was impeaching. Kyles v. Whitley,  514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). A Brady violation does not warrant reversal if the evidence is merely cumulative or impeaching. Clark v. State, 315 S.C. 385, 434 S.E.2d 266 (1993). "Impeachment   or exculpatory evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id., 434 S.E.2d at 268. This Court finds Assistant Solicitor Fant's testimony credible. Furthermore, this Court finds both Applicant's and Kim Delay's testimony not credible.

Applicant claims that Delay was offered a plea deal in exchange for her testimony against him. Applicant claims this information was withheld from him. The evidence at the hearing establishes that the State never gave Delay a  deal on her charges. Assistant Solicitor Fant testified Delay said from the beginning that she knew nothing about the murder and stuck with that assertion up to trial. Assistant Solicitor Fant got word Delay wanted to cooperate and then Delay told law enforcement (Sergeant Culick and Lieutenant Rabon) the substance of what she testified to at trial, i.e., that the Applicant came to her house out of breath, changed from camo to other clothes, and said "Come on, baby, let's go." Assistant Solicitor Fant testified that one charge of Delay' s was *nol prossed* because Delay was getting prosecuted federally on that set of facts. Another charge (unindicted) was dismissed without prejudice in 2010 (this trial was in 2008). Therefore, this Court finds this allegation should be denied and dismissed with prejudice.

(Tr. 598-601).

As to the allegation that the State committed a Brady violation for failing to turn over the statement by Lattimore Holmes, the PCR court held as follows:

Brady Violation for failing to turnover statement by Lattimore Holmes.

15

This Court finds Applicant's allegation that the state committed a Brady violation for failing to turnover Lattimore Holmes' statement meritless. An individual asserting a Brady violation must demonstrate that evidence: (1) favorable to the accused; (2) in the possession of or known by the prosecution; (3) was suppressed by the State; and (4) was material to the accused's guilt or innocence or was impeaching. Kyles v. Whitley, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). A Brady violation does not warrant reversal if the evidence is merely cumulative or impeaching. Clark v. State, 315 S.C. 385, 434 S.E.2d 266 (1993). "Impeachment or exculpatory evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id., 434 S.E.2d at 268. This Court finds Assistant Solicitor Fant's testimony credible. Furthermore, this Court finds Applicant's testimony not credible. To prevail on a claim of prosecutorial misconduct, a defendant must show that Applicant claims that he should have been given a statement by Lattimore Holmes to law enforcement prior to trial. This statement, if in writing or otherwise summarized, would have been in Judge King's possession during his *in camera* review, so it is clear there was no Brady violation for the State failing to turn it over. Further, the trial transcript reveals that trial counsel was aware of a  statement Holmes gave in January 2008, as counsel cross-examined Holmes about the statement (see page 232 ROA). The Applicant also seems to claim prosecutorial misconduct arising from Holmes' early release from a five-year federal sentence within two months after the applicant's trial. It is true that Holmes did receive a downward departure because of his cooperation in the Applicant's case; however, there is no evidence that the State sponsored that downward departure. Therefore, this Court finds this allegation should be denied and dismissed with prejudice.

(Tr. 601-602).

To prevail on a claim of prosecutorial misconduct, a defendant must show that the prosecutor's misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Donnelly v. DeChristoforo, 416

16

U.S.637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974). Petitioner argues the prosecutor failed to turn over statements or divulge promises made to a witness in violation of Brady v. Maryland, 373 U.S. 83 (1963). "A Brady violation occurs when the government fails to disclose evidence materially favorable to the accused." Youngblood v. West Virginia, 547 U.S. 867, 869 (2006) (per curiam). Evidence is material if a reasonable probability exists "that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Id. at 870 (quoting Strickler v. Greene, 527 U.S. 263, 280 (1999)). "An individual asserting a Brady violation must demonstrate that evidence: (1) favorable to the accused; (2) in possession of or known by the prosecution; (3) was suppressed by the State; and (4) was material to the accused's guilt or innocence or was impeaching." Riddle v. Ozmint, 631 S.E.2d 70, 44 (2006); Skinner v. Switzer, 562 U.S. 521, 536 (2011) (citing Strickler v. Greene, 527 U.S. 263, 281-82 (1999)).

In this case, Petitioner's claim that the prosecutor failed to turn over a statement by witness Delay was denied by the PCR court. The PCR court found that prior to the trial, the trial judge, Judge King, reviewed *in camera* the prosecutor's entire file subsequent to trial counsel's motion and concluded that the State met its discovery obligations. Thus, the PCR court denied this claim. As to Petitioner's allegation that the solicitor failed to reveal that Delay was offered a plea deal in exchange for her

17

testimony, the PCR court denied this claim finding that "[t]he evidence at the hearing establishes that the State never gave Delay a deal on her charges." (App. 600). Additionally, the PCR court found the Assistant Solicitor's testimony credible that the State never gave Delay a deal on her charges so there was no information on a plea deal to turn over pursuant to <u>Brady</u> while finding Petitioner's testimony and Delay's testimony not credible. Lastly, Petitioner argues a <u>Brady</u> violation by the prosecutor for failing to turn over a statement by Lattimore Holmes. The PCR court found Assistant Solicitor Fant's testimony credible while finding Petitioner's testimony not credible. The PCR court held that there was no statement concluding that, if there had been a statement, it would have been in "Judge King's possession during his *in camera* review, so it is clear there was no <u>Brady</u> violation for the State failing to turn it over." (App. 601). Therefore, the PCR court denied Petitioner's claims finding that there was no <u>Brady</u> violation. The PCR court's factual determination regarding credibility is entitled to deference in this action. <u>Cagle v. Branker</u>, 520 F.3d 320, 324 (4th Cir.2008), (citing 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's judgments, the state court's error must be stark and clear)); <u>see also</u> <u>Marshall v. Lonberger</u>, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine of witnesses whose demeanor has been observed by the state trial court, but not by them"). A

presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). <u>Evans v. Smith</u>, 220 F.3d 306 (4th Cir. 2000). Based on the record presented, the PCR court's finding that Petitioner failed to prove prosecutorial misconduct by way of a <u>Brady</u> violation was not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2). Thus, it is recommended that the Respondent's motion for summary judgment be granted as to Ground One.

**<u>Ineffective Assistance of Counsel</u>**

In Ground Two, Petitioner raises ineffective assistance of trial counsel alleging counsel failed to: (1) object to the false testimony of Lattimore Holmes; (2) move for a charge of a lesser-included offense of murder based on evidence the victim tried to punch Petitioner; and, (3) failed to object to the court's erroneous reasonable doubt instructions.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C. §2254(d). If the claim was properly presented to

the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland, supra, the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland), reversed on other grounds, 476 U.S. 28

20

(1986). In meeting the second prong of the inquiry, a complaining defendant must

show that he was prejudiced before being entitled to reversal. <u>Strickland</u> requires that:

> [T]he defendant must show that there is a reasonable
> probability that, but for counsel's unprofessional errors,
> the result of the proceeding would have been different. A
> reasonable probability is a probability sufficient to
> undermine confidence in the outcome.

<u>Strickland</u>, 466 U.S. at 694.

> The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must
> judge the reasonableness of counsel's challenged conduct
> on the facts of the particular case, viewed as of the time of
> counsel's conduct . . . the court must then determine
> whether, in light of all the circumstances, the identified acts
> or omissions were outside the <u>wide</u> <u>range</u> of professionally
> competent assistance. (Emphasis added.)

<u>Id.</u>; <u>Williams v. Taylor</u>, 529 U.S. 362 (2000)(confirming the <u>Strickland</u> analysis).


**Ground Two(1)**

In Ground Two (1), Petitioner alleges ineffective assistance of counsel for

failing to object to false testimony of Lattimore Holmes.[5] Respondent argues this issue

is procedurally defaulted because it was not raised at PCR. Regardless, Respondent

---

[5] It is noted that the Respondent addressed the issues raised in Ground Two in reverse order.
However, the court will address the arguments in this report and recommendation in the order
presented within the supporting facts for Ground Two in Petitioner's habeas petition.

asserts there is no merit to this ground.[6]

This issue is procedurally defaulted as it was not raised and ruled upon by the PCR court as an ineffective assistance of counsel claim and a Rule 59(e) motion was not filed. At PCR, Petitioner argued prosecutorial misconduct pursuant to a <u>Brady</u> violation for allegedly failing to turn over Holmes' prior statement not as a claim of ineffective assistance of counsel for failing to object to the statement. The PCR court ruled with regard to Holmes' statement in reference to the allegation of prosecutorial misconduct but not as to an ineffective assistance of counsel claim. Because this argument raised in the habeas petition is different from the claim raised at PCR, it is barred from review in federal habeas corpus. <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991). Petitioner has not demonstrated cause and prejudice to overcome his procedural default. Therefore, it is recommended that Ground Two(1) be dismissed.

**Ground Two(2)**

In Ground Two (2), Petitioner argues trial counsel failed to move for a charge of a lesser-included offense of murder based on evidence that the victim tried to punch the Petitioner. Respondent argues that the record supports the PCR judge's decision

---

[6] Respondent argues the allegation is without merit as the record shows trial counsel effectively cross-examined the witness and impeached him on his prior statement to law enforcement.

dismissing this claim, Petitioner has failed to demonstrate the required deficiency or prejudice to prevail on an ineffective assistance of counsel claim, and he cannot show the PCR judge's decision was based on an unreasonable application of law or an unreasonable determination of the facts.

At the PCR hearing, trial counsel testified as follows:

> . . . Because one strategy is what you go with the single charge of murder. And you worry about giving them a jury charge of voluntary manslaughter, because they might compromise on you; that they can't prove the case of murder, but he did something wrong, therefore, we will go with voluntary manslaughter. I'm sure you've been in that situation where you had to make that decision.

(App. 527).

The PCR court held as follows:

> Trial Counsel should have pursued a voluntary manslaughter option-on the verdict form.
>
> This Court finds the Applicant's allegation that Counsel was ineffective for failing to request a voluntary manslaughter option on the verdict to be without merit. This Court notes Applicant's trial theory was that he was not present at the scene and had no part in the crime at all. Applicant reasserted this argument during the PCR evidentiary hearing. Requesting a voluntary manslaughter option would be in direct contradiction to Applicant's purported trial strategy. This Court finds Counsel's strategic decision in not requesting a voluntary manslaughter option proper. Therefore, this Court finds that Applicant has failed to meet his burden of proof in regards to this allegation, and accordingly this allegation must be denied and dismissed with prejudice.

(App. 597).

As set forth above, the PCR court found that trial counsel made a strategic decision in not requesting an instruction on lesser included offenses. (App. 598). Courts are instructed not to second guess an attorney's trial strategy and tactics. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir.1977); Stamper v. Muncie, 944 F.2d 170 (4th Cir.1991). Trial counsel testified that his strategy was not to give the jury a charge to compromise on if they could not prove he was guilty of murder. Where counsel articulates valid reasons for employing a certain strategy, such conduct is not ineffective assistance of counsel. See Daniels v. Lee, 316 F.3d 477, 491 (4th Cir.2003). Courts have held that the decision not to ask for an instruction on a lesser-included offense may be a sound trial strategy. See United States v. Estrada–Fernandez, 150 F.3d 491, 496 (5th Cir.1998). "Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. The PCR court's decision was not contrary to or an unreasonable application of applicable Supreme Court precedent. See Strickland, 466 U.S. at 689 (". . . a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct,

and to evaluate the conduct from counsel's perspective at the time). Because of the difficulties inherent in making the evaluation, a court must ". . . indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption. . . " Id. The PCR court properly applied the Strickland standard and the denial of relief was not objectively unreasonable or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  See 28 U.S.C. § 2254(d)(1) & (2). Accordingly, it is recommended that Ground Two(2) be denied and dismissed.

## Ground Two (3)

In Ground Two(3),  Petitioner argues trial counsel failed to object to the trial judge's reasonable doubt instruction.

The full context of the portion of the charge Petitioner complains is as follows:

> You should weigh all of the evidence in this case. And  after weighing all of the evidence, if  you  are not convinced of the  guilt of  the  defendant  beyond  a reasonable doubt, you  would  find  the defendant  guilty. On  the  other  hand,  after  weighing  all  the evidence,  if you are convinced of the guilt of the defendant beyond  a reasonable doubt, you would find the defendant guilty.

(App. 198). At the conclusion of the charge, the jury left the courtroom at which time trial counsel brought to the court's attention that the judge had incorrectly given the

25

jury two options to find Petitioner guilty. (App. 201-02). The trial judge reviewed the

charge, agreed with trial counsel, and recharged the jury. (App. 203-04). The judge

gave the following curative instruction:

> I may have misspoke during one portion of the charge.
> And because I want to make sure that it is clear—and if I
> did misspeak, I want to make sure that I say it exactly
> right and that is with regard to direct and circumstantial
> evidence.
>
> . . .
>
> The law makes absolutely no distinction between the
> weight or value to be given to either direct or circumstantial
> evidence. Nor is a greater degree of certainty required of
> circumstantial evidence than of direct evidence. You should
> weigh all of the evidence, if you are not convinced of the
> guilt of the defendant beyond a reasonable doubt, you
> would find the defendant not guilty. After weighing all of
> the evidence, if you are convinced of the guilt of the
> defendant beyond a reasonable doubt, you would find the
> defendant guilty.

(App. 204-05).

At the PCR hearing, Petitioner testified that trial counsel failed to object to the

reasonable doubt charge which would have allowed the appellate court to review the

issue and failed to move for a mistrial after the trial judge told the jury to find him

guilty.

Trial counsel testified that he did object to the reasonable doubt jury charge, and

the trial judge gave a curative instruction. Counsel testified that he did not object after

26

the curative instruction as it was his opinion it was beneficial to Petitioner "[b]ecause the last thing that they heard was a reiteration of a charge that would say to them, you know, you are not obligated to find him guilty." (App. 523-24). Additionally, Counsel testified that Judge King's definition of presumption of innocense in the charge was "very lucid" and he thought it was "very impressionable for jurors." Id. Counsel testified that "the problem in the case was not the jury charge but Petitioner's alleged friends or acquaintances or whatever you want to call them." Id.

This issue was raised at PCR and ruled on as follows:

<u>Trial counsel should have asked for a mistrial based on the trial judge 's jury charge that stated the jury must find the applicant guilty if the jury determined there was reasonable doubt.</u>

> This Court finds the Applicant's allegation that Counsel should have asked for a mistrial based on the trial judge's jury charge, stating the jury must find the applicant guilty if a reasonable doubt is  determined, is without merit. Counsel properly pointed out this misstatement to the trial judge and the judge properly recharged the Jury. A mistrial would not have been granted in any event, in light of the curative charge. In addition, this court agrees with trial counsel's testimony that the recharge was actually helpful, as it repeated the premise that if the jury had a reasonable doubt about the defendant's guilt, it must find the defendant not guilty. This Court finds that Applicant has failed to meet his burden of proof in regards to this allegation, and accordingly this allegation must be denied and dismissed with prejudice.

(App. 597-98).

As set forth above, this court's review is to determine whether the PCR court's decision involved an unreasonable application of federal law or an unreasonable determination of the facts in light of the State court proceeding. Here, counsel brought the mistake to the court's attention, the judge gave a curative charge, and counsel did not object to the curative charge because he felt it was beneficial to Petitioner. Counsel did not make a motion for a mistrial because he did not feel it necessary or justified. Petitioner has not carried his burden of showing that his counsel was ineffective for failing to object to the curative charge or for failing to request a mistrial. However, even assuming *arguendo* that there was error, Petitioner has not shown that there is a reasonable likelihood that the jurors who determined his guilt applied the instructions in a way that violated the Constitution.[7] See Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475 (1991) (clarifying that the proper standard is whether there is a reasonable likelihood the jury applied the challenged instruction in a way that violated the constitution). The PCR court found trial counsel's testimony credible while finding Plaintiff's not credible. The PCR court's factual determination

---

[7] While an objection may be needed where you have objectionable conduct, it is not a violation of the due process if a Petitioner fails to show that the remarks so prejudiced his substantial rights that he was denied a fair trial. See United States v. Lighty, 616 F.3d 321, 359 (4th Cir.2010); Darden v. Wainwright, 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986) ( *quoting* Donnelly v. DeChristoforo, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)).

regarding credibility  is entitled to deference in this action. Cagle, supra. The PCR court's factual conclusions were not unreasonable based on the evidence presented at the PCR evidentiary hearing.  Therefore, the state court findings were not contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.  See 28 U.S.C. § 2254(d)(1) & (2).  Accordingly, it is recommended that Respondent's motion for summary judgment be granted with regard to Ground Two(3).

## **CONCLUSION**

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #15) be granted and the petition be dismissed without an evidentiary hearing.

It is FURTHER RECOMMENDED that all outstanding motions be deemed moot.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 21, 2016
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).